IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02193-M

| | |
|---|---|
| THOMAS D. ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JAMIE BULLARD, ) | |
| ) | |
| Respondent. ) | |

On October 25, 2024, Thomas D. Alexander ("petitioner"), a state inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Pet. [D.E. 1], and a motion to proceed *in forma pauperis*, Mot. [D.E. 2]. The court now conducts its initial review under 28 U.S.C. § 2243 and, for the reasons discussed below, dismisses the instant petition without prejudice.

Discussion:

Petitioner generally argues that his consecutive sentences are not being properly calculated for the purposes of determining parole eligibility. See generally, Pet. [D.E. 1]. In support, petitioner cites Robbins v. Freeman, 127 N.C. App. 162, 165, 487 S.E.2d 771, 773 (finding a defendant's consecutive sentences for armed robbery offenses, which were imposed in the same sentencing proceeding, should have been aggregated when determining his parole eligibility), review allowed, writ allowed, 347 N.C. 270, 493 S.E.2d 746 (1997), and aff'd, 347 N.C. 664, 496 S.E.2d 375 (1998). Id. at 8. For relief, petitioner asks that state prison officials recalculate his sentences in compliance with N.C. Gen. Stat. § 15A-1354(b). Id. at 14.

A petition for a writ of habeas corpus allows a petitioner to challenge the fact, length, or conditions of custody, and to seek immediate release. See Preiser v. Rodriguez, 411 U.S. 475,

484–85, 499–500 (1973). A challenge to the procedures used to determine parole eligibility, however, is correctly brought under 42 U.S.C. § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (ruling a challenge to state procedures denying parole could be brought under § 1983 because plaintiff would be entitled, at most, to a new parole hearing and not a reduced sentence); see also Overman v. Beck, 186 F. App'x 337, 338 (4th Cir. 2006) (per curiam) (unpublished) (citing Wilkinson and holding § 1983 is the appropriate cause of action for inmate challenges to "policies and procedures applicable to their parole reviews, [but] not the denial of parole itself"); Brown v. Johnson, 169 F. App'x 155, 157 (4th Cir. 2006) (per curiam) (unpublished) (citing Wilkinson and holding that prisoner challenges to parole guidelines should proceed under § 1983); Langley v. Bulter, No. 5:15-CT-3274-FL, 2017 WL 6043261, at *3 (E.D.N.C. Dec. 6, 2017).

Because petitioner raises these parole-related issues in a still pending § 1983 case, see Compl. [D.E. 1], Alexander v. Ishee, et al., No. 5:23-CT-03258-BO (E.D.N.C. Aug. 31, 2023), the court dismisses the instant petition without prejudice as to any prospective relief under § 1983.

## Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE the action; DENIES AS MOOT the motion to proceed *in forma pauperis* [D.E. 2]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 8th day of April, 2025.

RICHARD E. MYERS II
Chief United States District Judge